Drost *v.* Corle.

PHEBE S. DROST

*v.*

CALVIN CORLE, executor.

The remedy of a widow against the estate of her late husband, to recover moneys alleged to have been her separate property, given by her to him on an express trust to invest and hold the same for her benefit, but which he is said to have invested in his own name and converted to his own use, and which have been appraised as a part of his estate, is in equity alone.

Bill for relief.   On general demurrer

---

Drost *v.* Corle.

---

*Mr. A. Dixon* and *Mr. J. L. Griggs,* for complainant.

*Mr. John Schomp,* for demurrant.

THE CHANCELLOR.

This suit is brought by a widow against the estate of her late husband.  The bill states that the marriage took place in 1864, and the husband died in 1885 ; that in 1864 the wife received from her brother, for an indebtedness from him to her, $1,500, part of it ($1,000) by the note of one Abraham C. Whitenack, to her brother's order and by him endorsed, and the balance ($500) in cash ; that the note was delivered and the money paid to her husband, who received them for her upon an express agreement between her and him that he would hold them in trust for her ; that he subsequently exchanged the note for another one made by Whitenack for the same amount, but payable to his (the husband's) order ; that he invested the $500, and received the interest on both sums from the time he received the note and cash from her brother up to the time of his death, and invested it, and that the $1,000 note given by Whitenack to him was, after his death, appraised as part of his estate, as were also the $500.   The ground of demurrer is that the complainant has an adequate remedy at law.   It is very clear that she has no remedy at law, but has a remedy in this court alone.  *Horner* v. *Webster, 4 Vr. 387 ; Gray* v. *Gray, 12 Stew. Eq. 511 ; Tresch* v. *Wirtz, 7 Stew. Eq. 124.*

The demurrer will be overruled as frivolous.